DENNIS, Justice,
would grant.
La. Const. Art. 10 § 10 authorizes a civil service commission to adopt rules for, inter alia, removal from employment. This provision and due process require that rules governing discharge be adopted in advance, that the evidence reasonably must support finding of a violation, and that a reasonable view of the aggravating and mitigating circumstances must support termination.
*1096 There is no civil service rule authorizing discharge for “insubordination.” There is a rule authorizing removal “for cause.” Rule 12.1. The commission apparently interprets cause for removal to include “insubordination.” However, there is no warrant in the record or justification in law for a conclusion that Mr. McStravick was guilty of “insubordination.”
The failure of the courts to correct this miscarriage of justice is difficult to understand. La. Const. Art. 10 § 8 provides that a civil servant cannot be subjected to disciplinary action except for cause expressed in writing, and that the burden of proof on appeal, as to the facts, shall be on the appointing authority. The appointing authority in this case manifestly failed to carry its burden to prove facts amounting to insubordination or any other cause for removal. This Court’s refusal to rectify the erroneous handling of this case leaves appointing authorities free to fire arbitrarily any employee for an honest and unintentional mistake by calling it “insubordination.”